## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Alberto Perez, | : |
| | : CIVIL ACTION NO. |
| Plaintiff, | : |
| v. | : |
| | : |
| George Governale, Muhamet Kabashi, and | : |
| Noona's Brick Oven Pizza of Milford, Inc. | : |
| | : |
| Defendants. | : March 14, 2013 |
| | : |

## COMPLAINT

### I.   INTRODUCTION

1.      This is an action brought by the plaintiff, Alberto Perez, a restaurant worker, against the defendants, George Governale, Muhamet Kabashi, and Nonna's Brick Oven Pizza of Milford, Inc., arising from the defendants' failure to pay the plaintiff wages for his work.  The plaintiff alleges violations of the overtime wage provisions of the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the overtime and wage payment provisions of Connecticut law, Conn.Gen.Stat. §31-58 *et seq*.  As to these claims the plaintiff seeks liquidated damages pursuant to the Fair Labor Standards Act, double the amount of his unpaid wages pursuant to Connecticut law, and his reasonable attorney's fees and costs.

### II.   JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

**III.     THE PARTIES**

4.      The plaintiff is Alberto Perez, a resident of Connecticut.  At all times relevant to this Complaint the plaintiff was an employee of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5.      At all times relevant to this Complaint, the plaintiff was an employee engaged in commerce, and/or was an employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

6.      Defendant George Governale is the president and an owner of Nonna's Brick Oven Pizza of Milford, Inc. Governale has a business address at 157 Cherry Street, Milford, Connecticut, and resides at 23 Beechwood Place, Harrington Park, New Jersey.

7.      Defendant Muhamet Kabashi holds the titles of Vice President, Secretary, Treasurer, and Director of Nonna's Brick Oven Pizza of Milford, Inc. Kabashi has a business address at 157 Cherry Street, Milford, Connecticut, and  resides at 221 Beach Road, Poughquay, New York.

8.      Defendant Nonna's Brick Oven Pizza of Milford, Inc., is a Connecticut corporation that operates or did operate pizza restaurants in Milford and Stamford, Connecticut, with a place of business at 157 Cherry Street, Milford, Connecticut.

9.      At all times relevant to the Complaint, defendants Governale and Kabashi made all relevant decisions regarding the plaintiff's wages and working conditions.

10.     At all times relevant to the Complaint, each and all of the defendants were

employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d),

and by Connecticut General Statutes §31-58(e) and 31-71a(1).

**IV.   STATEMENT OF FACTS**

11.     The plaintiff was employed by the defendants as a restaurant worker for

approximately four years, from in or about 2009 through on or about November 11, 2012.

12.     Upon information and belief, during the plaintiff's employment the defendants did

not create or maintain a complete and accurate record of the hours worked by the plaintiff.

13.     During his employment, the plaintiff regularly worked approximately six 12 hour

days, or seventy-two hours per week.

14.     During his employment, the defendants paid the plaintiff $460.00 per week for a

full time position, irrespective of the number of hours that he worked.

15.     For the last four weeks of the plantiff's employment, from October 13, 2012,

through November 11, 2012, the defendants paid the plaintiff only $225.00.

16.      The defendants did not pay the plaintiff at the rate of one and one-half times his

regular hourly rate for hours worked in excess of forty hours in each one week period.

17.     On or about November 16, 2012, the plaintiff, through his legal counsel, made a

formal demand for wages that he believed he was owed upon the defendants.

18.     In a telephone conversation on or about December 3, 2012, defendant

Governale admitted that Alberto Perez had worked in the defendants' restaurant but claimed

that he was not the president of the company and had nothing to do with paying the plaintiff.

19.     In the telephone conversation, Governale admitted that he had made visits to

the restaurant, had discussed the plaintiff's wages with him, and was aware that the plaintiff

3

was not being paid all of his wages.

20.     Defendant Governale stated in the telephone conversation that defendant Kabashi was responsible for controlling the plaintiff's employment.

21.     None of the defendants have paid the plaintiff any of the wages that he is owed.

22.     Having been paid $460.00 a week for a full time position, the plaintiff's regular hourly rate was $11.50 an hour:

$460.00 week / 40 hours = $11.50/hour.

23.     The plaintiff earned but was not paid overtime wages in the amount of $552.00 each week:

32 hours x $11.50/hour x 1.5 = $552.00.

24.     For each of the last four weeks of his employment the plaintiff should have been paid $1,012.00:

$460.00 regular wages + $552.00 overtime wages = $1,012.00.

25.     The plaintiff estimates that for the three year period from on or about February 1, 2010, to the filing of this Complaint he is owed approximately $77,000.00 in unpaid regular and overtime wages.

## V.     COUNT ONE: FLSA AND CONNECTICUT OVERTIME VIOLATIONS

1.     Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 25, above.

26.     The defendants did not pay the plaintiff at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty hours in a week, in violation of the federal Fair Labor Standards Act, 29 U.S.C. §207 and Connecticut overtime laws, including Conn.Gen.Stat. §31-68 and §31-76b through 31-76c.

4

27.     The defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the federal minimum wage and did not do so.

28.     The defendants' failure to pay overtime wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the Connecticut minimum wage and refused to do so.

## VI.     COUNT TWO: CONN.GEN.STAT. §31-72 CLAIM FOR UNPAID WAGES

1.      The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 28, above.

29.     The defendants failed to pay the plaintiff all of the wages that were owed as required by Conn.Gen.Stat. §31-71b through 31-71e.

30.     The plaintiff brings this action pursuant to Conn.Gen.Stat. §31-72, seeking payment of the wages that he is owed.

31.     The defendants' failure to pay wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff and refused to do so.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully requests that this Court:

1. Order the defendants to pay to the plaintiff all wages owed, consistent with the Fair Labor Standards Act and Connecticut overtime and wage payment laws;

2. Award the plaintiff liquidated or double damages for all wages owed pursuant to 29 U.S.C. §216(b);

3. Award the plaintiff double damages for all wages owed pursuant to Conn.Gen.Stat. §31-72;

4. Award the plaintiff his reasonable attorney's fees and costs;

5. Award the plaintiff such other legal and equitable relief that the Court deems appropriate.

RESPECTFULLY SUBMITTED
THE PLAINTIFF,


_____ / s / _____
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-471-8133
pdgoselin@gmail.com